United States District Court
Southern District of Texas
**ENTERED**
November 16, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SAMUEL ANNOR, *et al.*, | § § § § | |
| Plaintiffs, | | |
| VS. | § § § § § § § § | CIVIL ACTION NO. 4:22-CV-02202 |
| PHH MORTGAGE SERVICES, LLC, *et al.*, | | |
| Defendants. | | |

**MEMORANDUM OPINION AND ORDER**

**I.    INTRODUCTION**

Before the Court are the defendants, PHH Mortgage Corporation ("PHH") and Mortgage Electronic Registration Systems, Inc.'s ("MERS") (collectively the "Moving Defendants"), pending motion to dismiss (Doc. 41) brought under Fed. R. Civ. P. 12(b)(6), and further, the defendant, Credit Suisse Securities (USA), LLC's ("Credit Suisse"), pending motion for judgment on the pleadings brought under Fed. R. Civ. P. 12(c) wherein they assert the plaintiffs, Samuel Annor and Victoria Annor's, Second Amended Complaint fails to state a claim that is plausible on its face to survive the pending motions. The Court, being duly advised of the premises, GRANTS the pending motions.

**II.    FACTUAL BACKGROUND**

This action stems from the plaintiffs' purchase of a home in April of 2005. To facilitate the purchase, the plaintiffs executed two mortgage notes to Freemont Investment and Loan ("Freemont"), a sub-prime mortgage lender at the time. The first note covered 85% of the total sale price, equaling $159,205.00 ("Senior Loan"); the second note covered 15% of the total sale

1

price, equaling $28,095.00 ("Junior Loan"). As security for the two notes, the plaintiffs executed a deed of trust in favor of MERS as nominee for Freemont and its successors and assigns. Once the plaintiffs moved into their new home, they paid a single monthly mortgage payment to Freemont.

The plaintiffs allege Credit Suisse purchased the Junior Loan on June 29, 2005. The plaintiffs further allege that PHH[1] became the mortgage servicer of the Junior Loan around the same time; subsequently, Credit Suisse sold the debt and PHH changed the Junior Loan's status to "charged off." A "charge-off" classification means a lender or creditor has written the account off as a loss, but the debt can still be sold to a debt buyer or collection agency, and the debtor is still legally obligated to pay the debt.[2] On December 4, 2009, Credit Suisse repurchased the Junior Loan and sold it to the defendant, First American Trust, LLC ("First American").[3]

On September 23, 2020, First American sold the Junior Loan to the defendants, Quimby LLC ("Quimby") and Giocatore, LLC ("Giocatore").[4] This transaction was recorded in the official records of Harris County, Texas and the plaintiffs received notice of this transfer. On November 17, 2020, MERS assigned its interest in the Junior Loan's second deed of trust to Quimby. On February 3, 2021, PHH sent the plaintiffs a notice of servicing transfer letter ("Transfer Letter"), transferring their service rights on the Junior Loan to Quimby. On March 5, 2021, Giocatore assigned its interest in the Junior Loan's second deed of trust to Quimby.

---

[1] PHH was known as Ocwen Loan Servicing at this time.
[2] https://equifax.com/personal/education/credit/report/articles/-/learn/charge-offs-faq/#:~:text=Highlights%3A,obligated%20to%20pay%20the%20debt (last visited Nov. 9, 2023).
[3] The record fails to provide supportive documentation of the plaintiffs' allegations in this paragraph; notwithstanding, these facts are not disputed by the Moving Defendants or Credit Suisse in their respective briefing.
[4] On December 14, 2022, the Court dismissed Quimby and Giocatore with prejudice.

In April of 2021, the plaintiffs received a letter from Quimby stating that the Junior Loan's status changed from "charged off" to "accelerated," meaning, the loan began to accrue interest and a payment schedule would commence. The plaintiffs continuously ignored all notices related to the Junior Loan under the belief that the letters were related to a scam. In response to the numerous letters regarding the Junior Loan, the plaintiffs called their service provider on the Senior Loan, who is not listed as a defendant, to inquire about the status of their mortgage and were told they were not at risk of foreclosure. In May of 2021, Quimby began sending mortgage statements to the plaintiffs. The plaintiffs continued to ignore all communications related to the Junior Loan.

On October 18, 2021, the plaintiffs received a letter of notice on foreclosure of their property scheduled for December 7, 2021, due to nonpayment on the Junior Loan. The plaintiffs continued to ignore all communications related to the Junior Loan. On December 9, 2021, the property was sold at a foreclosure auction for $35,000. The plaintiffs purchased the foreclosure debt to avoid foreclosure.

On July 5, 2022, this action was removed from state court to this Court. On May 22, 2023, the plaintiffs filed a Second Amended Complaint alleging five causes of action, including, four statutory claims[5] and one fraud claim. The Moving Defendants instantly bring forth this motion to dismiss the plaintiffs' claims. Credit Suisse additionally brings forth its motion for judgment on the pleadings. The Court reviews the pending motions in turn.

---

[5] The plaintiffs' Truth in Lending Act claim, contained in their Second Amended Complaint, is directed only against First American and Credit Suisse.

### III. CONTENTIONS OF THE PARTIES

#### a. Moving Defendants' Motion to Dismiss.

The Moving Defendants argue that the plaintiffs' tort claims are barred by the economic loss doctrine; further and notwithstanding, the Moving Defendants argue that the plaintiffs' fail to state a claim that supports this action.

In opposition, the plaintiffs argue that the economic loss doctrine does not bar the plaintiffs' tort claims because a contractual relationship did not exist with the Moving Defendants. Moreover, they argue that the economic loss doctrine does not bar their statutory claims. The plaintiffs further argue their Texas Debt Collection Act ("TDCA") claim survives because they adequately alleged that the Moving Defendants were debt collectors under the statute. The plaintiffs additionally argue that Rule 9(b)'s particularity requirement does not apply to their Tex. Civ. Proc. Code § 12.02 ("TCPC") claim, and even if it applied, their claim survives. Further, the plaintiffs argue that their Deceptive Trade Practices Act ("DTPA") claim is directly related to the Moving Defendants' interest in acquiring the property. Finally, the plaintiffs argue that their fraud claim alleges ample details and particularities to survive the Moving Defendants' motion to dismiss.

#### b. Credit Suisse's Motion for Judgment of the Pleadings.

Credit Suisse argues that the plaintiffs': (1) TCPC claim fails because it improperly rests on a deed of trust assignment; (2) Truth of Lending Act ("TILA") claim is barred by the statute of limitations; (3) TDCA claim fails because the Transfer Letter that it is predicated on was not an attempt to collect a debt; (4) DTPA claim fails because the plaintiffs are not "consumers" under the statute; and (5) fraud claim fails to allege Credit Suisse engaged in fraudulent activity resulting in harm to the plaintiffs.

## IV. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Under the demanding strictures of a Rule 12(b)(6) motion, "[t]he plaintiff's complaint is to be construed in a light most favorable to the plaintiff, and the allegations contained therein are to be taken as true." Oppenheimer v. Prudential Sec., Inc., 94 F.3d 189, 194 (5th Cir. 1996) (citing Mitchell v. McBryde, 944 F.2d 229, 230 (5th Cir. 1991)). Dismissal is appropriate only if the "[f]actual allegations [are not] enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Moreover, in light of Federal Rule of Civil Procedure 8(a)(2), "specific facts are not necessary, the [factual allegations] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." A court's review is limited to the allegations in the complaint and to those documents attached to a defendant's motion to dismiss to the extent that those documents are referred to in the complaint and are central to the claims. Causey v. Sewell Cadillac-Chevrolet, Inc., 394 F.3d 285, 288 (5th Cir. 2004).

Rule 12(c) motions are subject to the same standard as Rule 12(b)(6) motions to dismiss. *Doe v. MySpace, Inc*., 528 F.3d 413, 418 (5th Cir. 2008).

V.   **ANALYSIS**

    a. **Moving Defendants' Motion to Dismiss.**

        i. **TDCA Claim**

The Moving Defendants assert that the plaintiffs' TDCA claim should be dismissed because it fails to plead that MERS engaged in the collection of a consumer debt, and further, the Transfer Letter was not an attempt to collect a debt under the TDCA. The TDCA protects debtors by prohibiting a debt collector from using unfair or unconscionable means to collect or attempt to collect interest "or a charge, fee, or expense incidental to the obligation unless the interest or incidental charge, fee, or expense is expressly authorized by the agreement creating the obligation or legally chargeable to the consumer[.]" Tex. Fin Code § 392.304(a)(2). Moreover, a debt collector is prohibited from "failing to disclose clearly in any communication with the debtor the name of the person to whom the debt has been assigned or is owed when making a demand for money." Tex. Fin. Code § 392.304(a)(4).

The plaintiffs' Second Amended Complaint states that PHH failed to disclose the name of whom the Junior Loan was assigned and to whom the plaintiffs owed payment. (Doc. 32 at 11). The plaintiffs further alleged that PHH's statements in the Transfer Letter were a misrepresentation of the character, extent, or amount of the Junior Loan's debt. Nevertheless, the Court finds that the plaintiffs' allegations are insufficient to maintain their TDCA claim. First, the record establishes that the plaintiffs signed an agreement for two separate loans. Second, the Transfer Letter provided by PHH specifically outlines the: (1) transferee; (2) transferor; (3) remaining loan balance; and (4) escrow balance. Third, the record fails to support any fraudulent behavior on behalf of MERS or PHH. Therefore, the plaintiffs' allegations are legal conclusions, and not allegations of fact, and are insufficient to state a plausible claim. *Twombly*, 550 U.S. at 555-57 (holding that a plaintiff

must do more than recite the formulaic elements of a cause of action). The Moving Defendants' motion to dismiss is granted on the plaintiffs' TDCA claim.

### ii. TCPR Claim

The Moving Defendants assert that the plaintiffs' TCPR claim should be dismissed because: (1) it is barred by the economic loss doctrine; and (2) they lack standing to challenge the first assignment because it did not create a lien or claim. The TCPR states a person may not make, present, or use a document with knowledge or an intention to maintain a fraudulent court record, lien, or claim "against real or personal property or an interest in real or personal property." Tex. Civ. Prac. & Rem. Code § 12.002.

The plaintiffs allege in their Second Amended Complaint that the assignment made in November of 2020 was fraudulent and PHH and MERS, *inter alia*, intended to falsely represent MERS as the nominee for Freemont. However, the plaintiffs are not a party to the assignment of the Junior Loan and lack standing to challenge the validity of the assignment. *Marsh v. JPMorgan Chase Bank, N.A.*, 888 F, Sup.2d 805, 813-14 (W.D. Tex. 2012); *Vickery v. Wells Fargo Bank, N.A.*, 2013 WL 321662, Case No. G—11—0243 *9 (S.D Tex. Jan. 28, 2013). Therefore, the Moving Defendants' motion to dismiss is granted on the plaintiffs' TCPR claim.

### iii. DTPA Claim

The Moving Defendants assert that the plaintiffs' DTPA claim should be dismissed because they are not a "consumer" under the statute. The DTPA defines a consumer as an individual or entity "who seeks or acquires by purchase or lease, any goods or services." Tex. Bus. & Com. Code Ann § 17.43; Tex. Bus. & Com. Code Ann § 17.50(h).

Upon review of the pleadings, the Court finds the plaintiffs' allegations in their Second Amended Complaint do not satisfy the DTPA's definition of a "consumer." The plaintiffs'

allegations are based on the servicing of the Junior Loan. The Fifth Circuit has held that when the basis of a claim is the subsequent loan servicing and foreclosure activity rather than the goods or service acquired in the original transaction, the party suing is not a consumer under the statute. *Rojas v. Wells Fargo Bank, N.A.*, 571 Fed. Appx. 274, 277 (2014). The Moving Defendants' motion to dismiss is granted on the plaintiffs' TCPR claim.

### iv. Fraud Claim

The Moving Defendants assert that the plaintiffs' fraud claim should be dismissed because they failed to plead with particularity. To adequately allege a claim for fraud by nondisclosure the plaintiffs must show: "(1) the defendant deliberately failed to disclose material facts; (2) the defendant had a duty to disclose such facts to the plaintiff; (3) the plaintiff was ignorant of the facts and did not have an equal opportunity to discover them; (4) the defendant intended the plaintiff to act or refrain from acting based on the nondisclosure; and (5) the plaintiff relied on the nondisclosure, which resulted in injury." *CBE Group, Incorporated v. Lexington Law Firm*, 993 F.3d 346, 353 (5th Cir. 2021).

Upon review of the record, the Court finds that the plaintiffs' fraud allegations fail to state a claim. Notably, it is undisputed that the plaintiffs bought the property utilizing two loans separate loans. They received numerous communications that they ignored. The documentation that the plaintiffs received identified the companies involved, yet the plaintiffs contacted the Senior Loan's servicer instead of the Junior Loan servicers and consistently refused to acknowledge the receipt of the letters and communications, including, *inter alia*, foreclosure notices, related to the Junior Loan are simply excuses. Consequently, the plaintiffs' allegations fail to state a claim for fraud. Again, the Moving Defendants' motion to dismiss is granted on the plaintiffs' fraud claim.

### b. Credit Suisse's Judgment on the Pleadings.

#### i. TILA Claim

The plaintiffs' TILA claim alleges Credit Suisse failed to provide adequate notice to the borrower under 15 U.S.C. § 1641(g). Notwithstanding, the plaintiffs failed to file any responsive briefing challenging Credit Suisse's motion, for judgment on the pleadings. Given that fact, the Court turns to Credit Suisse's allegations and treats the facts asserted s uncontested.

Credit Suisse argues that the plaintiffs' TILA claim is barred by the statute of limitations. TILA states that a creditor must provide notice to the borrower "not later than 30 days after" that creditor becomes "the new owner" of the debt. 15 U.S.C. § 1641(g). The statute of limitations for a TILA claim is one year. See 15 U.S.C. § 1640(e).

The plaintiff's Second Amended Complaint alleges that: (1) Credit Suisse took ownership of the Junior Loan in 2009; (2) they did not receive any notices referencing this purchase; (3) they had no cognizable way of knowing the existence of the Junior Loan due to not receiving any documentation; (4) the discovery rule tolls any statute of limitation arguments.

Given the Court's findings on the Moving Defendants' motion to dismiss on the identical claims, the substantive issues presented by the plaintiffs' pleadings are unmeritorious. Therefore, the Court grants Credit Suisse's motion for judgment on the pleadings on all substantive issues consistent with its determinations on the Moving Defendant's motion to dismiss.

## VI. CONCLUSION

Accordingly, the defendants, PHH Mortgage Corporation and Mortgage Electronic Registration Systems, Inc.'s, motion to dismiss is GRANTED, and the defendant, Credit Suisse Securities (USA), LLC's, motion for judgment on the pleadings is also GRANTED.

It is so ORDERED.

SIGNED on November 16, 2023, at Houston, Texas.

_____
Kenneth M. Hoyt
United States District Judge