UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SAMUEL ANNOR, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:22-CV-02202 |
| | § | |
| PHH MORTGAGE SERVICES, LLC, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

**I.**

Before the Court is First America Trust LLC's motion for judgment on the pleadings of the plaintiffs', Samuel Annor and Victoria Annor, [DE 76]. Also before the Court is the plaintiffs' response [DE 75] and First American's reply [DE 76]. After a careful review of the pleadings and relying on previously found facts and/or the absence of disputed facts in the Court's previously filed Memorandum and Opinion and Order [DE 59], the Court determines that First American's motion for judgment on the pleading, based on a failure to plead with specificity and on the one-year Statute of Limitations should be granted.

**II.**

The basic facts giving rise to the plaintiffs' lawsuit are set out in the Court's previously filed Memorandum. Hence, the Court incorporates the findings and conclusions stated in that document, here for all purposes, including the following excerpts:

> The plaintiffs' Second Amended Complaint states that PHH failed to disclose the name of whom the Junior Loan was assigned and to whom the plaintiffs owed

payment. (Doc. 32 at 11). The plaintiffs further alleged that PHH's statements in the Transfer Letter were a misrepresentation of the character, extent, or amount of the Junior Loan's debt. Nevertheless, the Court finds that the plaintiffs' allegations are insufficient to maintain their TDCA claim. First, the record establishes that the plaintiffs signed an agreement for two separate loans. Second, the Transfer Letter provided by PHH specifically outlines the: (1) transferee; (2) transferor; (3) remaining loan balance; and (4) escrow balance. Third, the record fails to support any fraudulent behavior on behalf of MERS or PHH. Therefore, the plaintiffs' allegations are legal conclusions, and not allegations of fact, and are insufficient to state a plausible claim. *Twombly*, 550 U.S. at 555-57 (holding that a plaintiff must do more than recite the formulaic elements of a cause of action). The Moving Defendants' motion to dismiss is granted on the plaintiffs' TDCA claim.

The Court continued and stated the following as it relates to the plaintiffs' TILA claims:

The plaintiff's Second Amended Complaint alleges that: (1) Credit Suisse took ownership of the Junior Loan in 2009; (2) they did not receive any notices referencing this purchase; (3) they had no cognizable way of knowing the existence of the Junior Loan due to not receiving any documentation; (4) the discovery rule tolls any statute of limitation arguments. Given the Court's findings on the Moving Defendants' motion to dismiss on the identical claims, the substantive issues presented by the plaintiffs' pleadings are unmeritorious. Therefore, the Court grants Credit Suisse's motion for judgment on the pleadings on all substantive issues consistent with its determinations on the Moving Defendant's motion to dismiss.

The Court restates here that the plaintiffs' pleadings fail to meet the strictures of FRCP 12(b)(6). It is not enough to simply state that an event, such as a failure to give proper notice, did not occur. Such pleadings are simply statements of a cause of action or conclusion and do not raise a right to relief. Despite the plaintiffs' amended pleadings, the documents in opposition show that ownership of the Junior Loan passed directly from Nationwide Credit, Inc., to Quimby Ventures, LLC and Giocatore Ventures, LLC, not to First American. But, even if the loan passed through First American, the one-year Statute of Limitations bars the plaintiffs' claims and the equitable principle of tolling does not aid their cause of action because the plaintiffs cannot establish harm or injury and they simply ignored all notices provided to them.

It is, therefore, ORDERED that First American's motion for judgment on the pleading is Granted. The plaintiffs' suit is DISMISSED with Prejudice.

It is so ORDERED.

SIGNED on March 4, 2024, at Houston, Texas.

Kenneth M. Hoyt
United States District Judge